JAMES E. CURRY (SBN 115769)
jcurry@loeb.com
TODD J. DENSEN (SBN 318051)
tdensen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant and Third-Party Plaintiff
SHOWTIME NETWORKS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD J. MAYWEATHER, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SHOWTIME NETWORKS INC., a Delaware corporation; STEPHEN ESPINOZA, an individual; and Does 1-100, inclusive,<br><br>Defendants,<br><br>SHOWTIME NETWORKS INC., a Delaware corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MAYWEATHER PROMOTIONS, LLC, a Nevada LLC,<br><br>Third-Party Defendant. | Case No.: 2:26-cv-02671-GW-MBK<br><br>Assigned to Hon. George H. Wu<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## 1. GENERAL

1.1. Purposes and Limitations. Discovery in this action will involve production of confidential, proprietary, private information, and/or payment amounts protected by confidentiality agreements for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, Plaintiff Floyd J. Mayweather ("Mayweather"), Defendant and Third-Party Plaintiff Showtime Networks Inc. ("Showtime"), and Third-Party Defendant Mayweather Promotions, LLC ("Mayweather Promotions") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2. Good Cause Statement. Discovery in this action may involve trade secrets, confidential agreements, non-public, highly sensitive and competitively sensitive financial information regarding revenues, expenses, profits, and payment amounts protected by confidentiality agreements generated in connection with the boxing matches and television programming involved in this action, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. This action may also involve non-public drafts of distribution agreements and other documents which, if disclosed, may cause competitive harm to the parties in this action, and for which special protection from public disclosure and from use for any

purpose other than prosecution or defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of information and discovery materials at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. This Good Cause Statement is not an admission or agreement by any Party that any particular document, information, or category of material qualifies for protection under this Order, has been maintained in a confidential and non-public manner, or is entitled to be filed under seal.

## 2. <u>DEFINITIONS</u>

2.1. <u>Action</u>: the above-captioned lawsuit, titled *Mayweather v. Showtime Networks Inc. et al.*, originally filed in Los Angeles Superior Court and therefrom removed to the United States District Court, Central District of California, Case No. 2:26-cv-02671-GW-MBK.



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4. "CONFIDENTIAL – Attorneys' Eyes Only" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that consists of current trade secrets, non-public strategic or business plans, or non-public financial information of the Designating Party, and the disclosure of which to the Receiving Party itself (as distinguished from the public) would create a substantial risk of serious competitive or personal harm that could not be avoided by designation as "CONFIDENTIAL." No Party may designate as "CONFIDENTIAL – Attorneys' Eyes Only," as against a Receiving Party, any document, agreement, or communication that the Receiving Party (or any of its officers, directors, employees, or affiliates) authored, received, is a party to, or participated in negotiating.

2.5. Counsel: Outside Counsel of Record or House Counsel (as well as their support staff).

2.6. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only."

2.7. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9. House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only."

2.16. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) a Party's own documents and information. Nothing in this Order restricts a Party's use or disclosure of its own documents or information, including its own Protected Material.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that it believes in good faith qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the testimony that references or incorporates the Disclosure or Discovery Material requiring protection on the record before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only," as applicable. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon receiving notice of an inadvertent failure to designate or other mistake, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. A Receiving Party shall not be in breach of this Order for any disclosure of such material made before receipt of such notice. The

Designating Party shall promptly provide replacement copies of the material bearing the appropriate legend.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq* as modified by Judge Kaufman's Procedures. *See* https://apps.cacd.uscourts.gov/Jps/honorable-michael-b-kaufman. Any discovery motion must strictly comply with these procedures.

6.3. Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. With respect to any challenge to a "CONFIDENTIAL – Attorneys' Eyes Only" designation, the Designating Party shall also bear the burden of demonstrating why designation as "CONFIDENTIAL" would be insufficient to protect its legitimate interests. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below.



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order prevents Outside Counsel of Record from rendering advice to their clients with respect to this Action and, in the course thereof, relying generally on their examination of Protected Material, provided that in rendering such advice counsel shall not disclose the specific contents of any material designated "CONFIDENTIAL – Attorneys' Eyes Only" except as permitted by this Order. Mayweather and Mayweather Promotions, and their respective counsel, may share Protected Material with one another to the same extent that each could receive such material directly under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and, where the Receiving Party is a natural person, that Party and his or her business managers, agents, accountants, and advisors to whom disclosure is reasonably necessary for this Action and who have signed the form attached as Exhibit A hereto;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the form attached as Exhibit A hereto;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this Action and who have signed the form attached as Exhibit A hereto;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto, and (2) they will not be permitted to keep any confidential information unless they sign the form attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, as mutually agreed upon by the parties engaged in settlement discussions.

7.3. Disclosure of "CONFIDENTIAL – Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel of Record and House Counsel overseeing the litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the form attached as Exhibit A hereto;



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the form attached as Exhibit A hereto;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom such disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; (2) counsel for the Receiving Party shall give counsel for the Designating Party written notice, identifying by production number the designated material to be shown, at least five (5) business days before the deposition; (3) counsel for the Designating Party may object in writing within three (3) business days after receipt of such notice, and, if the parties are unable to resolve the objection, the Designating Party must seek relief from the Court before the deposition, failing which the objection is waived and the material may be shown to the witness; and (4) no such notice shall be required where the witness is the author or recipient of the material, is a current officer, director, or employee of the Designating Party, or is otherwise a person to whom disclosure is permitted under this section 7.3. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, as mutually agreed upon by the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this Action as “CONFIDENTIAL” or “CONFIDENTIAL – Attorneys’ Eyes Only,” that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as “CONFIDENTIAL” or “CONFIDENTIAL – Attorneys’ Eyes Only” before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party’s permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY’S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as “CONFIDENTIAL” or “CONFIDENTIAL – Attorneys’ Eyes Only.” Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the form attached as Exhibit A hereto.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this Action of any document or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, whether inadvertent or otherwise, shall not constitute a waiver of such privilege or protection in any other federal or state proceeding, and no Party shall be required to demonstrate that it took reasonable steps to prevent disclosure under Federal Rule of Evidence 502(b). Upon written notice from the Producing Party identifying such material, the Receiving Party shall, within ten (10) days, return, sequester, or destroy all copies of the identified material and any notes or work product reflecting its contents, shall make no further use of the material, and shall not use or disclose its contents until the claim is resolved. The Receiving Party may promptly present the material to the Court under seal for a determination of the claim, and the Producing Party shall preserve the material until the claim is resolved.

**12. MISCELLANEOUS**

12.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. Where the Party seeking to file Protected Material under seal is not the Designating Party, the filing Party shall proceed under Local Rule 79-5.2.2(b), and the Designating Party shall bear the burden of establishing that the material is sealable by filing the declaration required by that Rule within the time it provides. If the Designating Party fails to do so, the filing Party may file the material in the public record.

**13. FINAL DISPOSITION**

After the final disposition of this Action, as defined in section 4 above, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motions papers, trial, deposition,

and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4.

**14. VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 6, 2026

LOEB & LOEB LLP
JAMES E. CURRY
TODD J. DENSEN

By: *\/s/ Todd J. Densen*
Todd J. Densen

Attorneys for Defendant and Third-Party Plaintiff
SHOWTIME NETWORKS INC.

Dated: October 6, 2026

SAMINI BLOCK APC
BOBBY SAMINI

By: */s /Bobby Samini*
Bobby Samini

Attorneys for Plaintiff
FLOYD J. MAYWEATHER

Dated: October 6, 2026

SAMINI BLOCK APC
BOBBY SAMINI

By: */s/ Bobby Samini*
Bobby Samini
Attorneys for Third-Party Defendant MAYWEATHER PROMOTIONS, LLC

**FOR GOOD CAUSE, IT IS SO ORDERED.**

Dated: October 6, 2026

HON. MICHAEL B. KAUFMAN

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _______________________________________ [print or type full name], of _______________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _________________ in the case of *Mayweather v. Showtime Networks Inc. et al.*, Case No. 2:26-cv-02671-GW-MBK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________ _______________ [print or type full name] of ______________________________ ___________[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____________________

City and State where sworn and signed: __________________________________

Printed name: _____________________________

Signature: ________________________________