JAMES E. CURRY (SBN 115769)
jcurry@loeb.com
TODD J. DENSEN (SBN 318051)
tdensen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant and
Third-Party Plaintiff
SHOWTIME NETWORKS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD J. MAYWEATHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHOWTIME NETWORKS INC., a Delaware corporation; STEPHEN ESPINOZA, an individual; and Does 1-100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02671-GW-MBK<br><br>Assigned to Hon. George H. Wu<br><br>**DEFENDANT AND THIRD-PARTY PLAINTIFF SHOWTIME'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANY CONTINUANCES OR EXTENSIONS IN CONNECTION WITH MOTION FOR LEAVE TO WITHDRAW AS COUNSEL** |
| SHOWTIME NETWORKS INC., a Delaware corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MAYWEATHER PROMOTIONS, LLC, a Nevada LLC,<br><br>Third-Party Defendant. | Hearing Date: December 7, 2026<br>Time: 8:30 a.m.<br>Courtroom: 9D, 9th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Third-Party Plaintiff Showtime Networks Inc. ("Showtime") hereby submits this Memorandum of Points and Authorities in Opposition to any continuances or extensions in connection with the motion for leave to withdraw as counsel. Showtime has no opposition to the request for leave to withdraw as counsel. However, the motion also requests a 30-day extension or continuance of all dates in the case,[1] and Showtime opposes any extensions or continuances of existing dates.

Showtime has three motions currently pending: (1) Showtime's Motion for Summary Judgment on Mayweather's Complaint set for hearing December 7; 2026; (2) Showtime's Motion for Summary Judgment on Showtime's Third-Party Complaint against Third-Party Defendant Mayweather Promotions, LLC ("MP") set for hearing December 7; 2026; and (3) Showtime's Motion to Compel both Mayweather and MP to provide further discovery responses and comply with the Court's September 17, 2026 order, and for sanctions set for hearing November 23; 2026.

Showtime filed two motions for summary judgment on September 22, 2026, and scheduled the hearings well beyond minimum notice for December 7, 2026, for the purpose of affording the opposing parties extra months of time to complete any discovery deemed necessary for the motion. The motions are now set for hearing relatively close in time to the February 23, 2027 trial date, which was only done to afford these opposing parties a complete opportunity to complete discovery. No discovery requests were served by Plaintiff Mayweather or Third-Party Defendant MP until November 6, ten days before those parties' oppositions to the summary

---

[1] From page 5 of Mr. Samini's Memorandum of Points and Authorities: "Counsel respectfully requests that the Court afford the Clients a reasonable period, such as thirty (30) days, to retain substitute counsel before taking action adverse to MP LLC based on its lack of representation, and that the Court adjust the briefing or hearing schedule on the pending motions as it deems appropriate."



Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

judgment motions are due. The opposing parties have not exercised the diligence necessary to justify moving the hearing on the summary judgment motions. *See Doctor's Best, Inc. v. Nature's Way Prods., LLC*, 143 F.4th 1101, 1112-13 (9th Cir. 2025) ("District courts have discretion to deny a Rule 56(d) motion when the nonmovant has failed to diligently pursue discovery," and finding that there was no abuse of discretion where a party had months to conduct discovery prior to requesting a deferral but failed to do so); *see also State Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1212 (D. Haw. 2011) (denying continuance even after withdrawal of counsel because party did not exercise diligence and there was no prejudice attributable to anything other than their own inaction); *United States v. Hargis*, No. SACV04-273-DOC, 2004 WL 2830715, at *6 (C.D. Cal. Dec. 6, 2004) (finding no diligence where party did not conduct formal or informal discovery between the time they were notified of the opposing party's intent to move for summary judgment (September 10) and the time when a continuance was requested (November 23)).

Delaying the due date for their oppositions or the hearing is neither necessary nor appropriate. A 30-day continuance would put the hearing on the motion hearing deadline (January 7, 2027), and prejudice Showtime, which is entitled to have its motions heard sufficiently in advance of trial, which is scheduled for February 23, 2027. Showtime opposes any continuances or extensions in connection with the summary judgment hearings or any other scheduled dates in this action.

Showtime's discovery motion is presently scheduled for hearing on November 23, 2026. As detailed in the briefing for that motion, Showtime has been attempting to obtain basic discovery from Mayweather and MP for months, including the production of documents quoted and cited in the Complaint, which have not yet been produced. Delaying the discovery motion hearing and order by

30 days would put the hearing beyond the discovery cut-off, and Showtime needs the documents and discovery responses before, among other things, the December 10, 2026 deposition of Floyd Mayweather.

Finally, Local Rule 83-2.3.5 provides: “Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion.” Accordingly, while Showtime does not oppose, and takes no position on, Mr. Samini’s request to withdraw as counsel, that withdrawal should have no effect on the present briefing or hearing schedule on pending motions.

Dated: November 10, 2026

LOEB & LOEB LLP
JAMES E. CURRY
TODD J. DENSEN

By: */s/ Todd J. Densen*
Todd J. Densen

Attorneys for Defendant and Third-Party Plaintiff SHOWTIME NETWORKS INC.



Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations